IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARYL and GINA BULLAR, Co-Administrators of the Estate of JONATHAN BULLAR, <br><br>  Plaintiffs, <br><br> vs. <br><br> ARCHWAY SKYDIVING CENTER, INC., JASON MARK, ANITA WUERTZ, SSK INDUSTRIES, INC., AIRTEC GmbH SAFETY SYSTEMS, VANDALIA PARK DISTRICT, VANDALIA MUNICIPAL AIRPORT, ARCHWAY EXPRESS, INC., and ADRENALINE ALLEY, INC., <br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 11-cv-0468-MJR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| SSK INDUSTRIES, INC., <br><br>  Counter Claimant, <br><br> vs. <br><br> DARYL and GINA BULLAR, Co-Administrators of the Estate of JONATHAN BULLAR, <br><br>  Counter Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

   A. Introduction

   Plaintiffs Daryl and Gina Bullar, Co-Administrators of the Estate of Jonathan Bullar, filed this action against Defendants seeking damages for Jonathan's death in a skydiving accident. Jonathan fell to his death on October 9, 2010, when his main and reserve parachutes failed to deploy.

The action now proceeds on Plaintiffs' Second Amended Complaint ("Complaint") (Doc. 76).

Pending before the Court is Vandalia Park District's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 76). Plaintiffs have filed their response (Doc. 84), so the motion is fully briefed and ready for disposition. The reasons the Court will deny the Park District's motion are twofold, as follows.

B. <u>Applicable Legal Standards</u>

The Park District seeks dismissal of the claims brought against it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. A 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief can be granted. **Hallinan v. Fraternal Order of Police Chicago Lodge 7**, 570 F.3d 811, 820 (7th Cir.), *cert. denied*, 130 S. Ct. 749 (2009). The United States Supreme Court explained in **Bell Atlantic Corp. v. Twombly**, **550 U.S. 544, 570 (2007)**, that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. **Rujawitz v. Martin**, 561 F.3d 685, 688 (7th Cir. 2009); **Tricontinental Industries, Inc., Ltd. v.**

*PriceWaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir.), *cert. denied*, 552 U.S. 824 (2007). See also *Hemi Group, LLC v. City of New York*, 130 S. Ct. 983, 986-87 (2010)("This case arises from a motion to dismiss, and so we accept as true the factual allegations in the … amended complaint.").

Even though *Bell Atlantic* retooled federal pleading standards, notice pleading remains all that is required in a complaint. "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). See also *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(Rule 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief; "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"). But "surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the allegations must "raise a right to relief above the speculative level." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). With these principles in mind, the Court turns to the Park District's motion to dismiss.

C. <u>Discussion</u>

The Park District asserts that this action should be dismissed as to the District because prior to his death, Jonathan signed two exculpatory agreements releasing it from any and all liability for injuries or damages arising out of parachuting activities.

As a general rule, a release is an affirmative defense which a plaintiff need not anticipate and refute in his complaint. *See* FED. R. CIV. P. 8(c)(1) (listing "release" as an affirmative defense); *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626-28 (7th Cir. 2003). *Accord Mosely*, 434 F.3d at 533 (in discussing dismissal for failure to exhaust administrative remedies, Seventh Circuit noted that the plaintiff "had no obligation to allege facts negating an affirmative defense in her complaint").

As the Seventh Circuit Court of Appeals explained in *Deckard v. General Motors Corp.*, 307 F.3d 556 (7th Cir. 2002), "A motion to dismiss was improper since release is an affirmative defense, … and the existence of a defense does not undercut the adequacy of the claim." **307 F.3d at 560**, *citing* Fed. R. Civ. P. 8(c) and *Gomez v. Toledo*, 446 U.S. 635, 639-41 (1980).

Because a complaint need only narrate "an intelligible grievance that, if proved, shows a legal entitlement to relief," a complaint's failure to *overcome* defenses does not justify dismissal. ***United States Gypsum***,

**350 F.3d at 626**. For this reason, the Park District's motion to dismiss must be denied.

As a second ground for denying the Park District's motion, the Court notes that, in assessing a motion under Rule 12(b)(6), the Court is prohibited from viewing materials "outside the pleadings" (including affidavits and exhibits not attached to or otherwise made part of the complaint).

Federal Rule of Civil Procedure 12(d) requires that such materials only be considered if the motion is treated as one for summary judgment under Rule 56, with notice to the parties that the motion will be construed as such plus an opportunity to brief the motion that way. **FED. R. CIV. P. 12(d)**. The Court is not obligated to rely on the outside materials. But if outside materials *are* considered, the notice and briefing opportunity is mandatory. ***Loeb Industries, Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002),** *citing **Edward Gray Corp. v. National Union Fire Ins. Co.*, 94 F.3d 363, 366 (7th Cir. 1996).** **See Also *Omega Healthcare Investors, Inc. v. Res-Care, Inc.*, 475 F.3d 853, 855 n.3 (7th Cir.),** *cert. denied*, **127 S. Ct. 3013 (2007).**

Here, the Park District relies on extrinsic matters, the allegedly exculpatory agreements executed by Bullar which, according to the District, release it from all liability for injuries arising from parachuting activities. But

the Court cannot consider these documents without converting the motion to dismiss into a motion for summary judgment, which would require giving notice to Plaintiffs and allowing them an opportunity to present evidence.

However, the Park District's motion was filed before the District answered Plaintiffs' complaint and before a reasonable opportunity to conduct discovery had occurred. For example, under the Scheduling Order adopted herein, Plaintiffs' and Defendants' depositions need not be taken until November 15 and December 15, 2012, respectively (Doc. 68). Discovery and dispositive motions deadlines are more than a year away (*Id.*). Plaintiffs are entitled to conduct necessary discovery so that they can justify their opposition to a summary judgment motion. In sum, it would be premature to convert the motion to dismiss into a motion for summary judgment.

Because the Court cannot consider the materials outside the pleadings upon which the motion to dismiss is grounded, the Park District's motion must be denied.

D. Conclusion

For the foregoing reasons, the Court **DENIES** Vandalia Park District's motion to dismiss (Doc. 76).

IT IS SO ORDERED.

DATED this 2nd day of May, 2012

<u>s/Michael J. Reagan</u>
MICHAEL J. REAGAN
United States District Judge
