IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARYL and GINA BULLAR, Co-Administrators of the Estate of JONATHAN BULLAR, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 11-cv-0468-MJR ) |
| ARCHWAY SKYDIVING CENTER, INC., JASON MARK, ANITA WUERTZ, SSK INDUSTRIES, INC., AIRTEC GmbH SAFETY SYSTEMS, VANDALIA PARK DISTRICT, VANDALIA MUNICIPAL AIRPORT, ARCHWAY EXPRESS, INC., and ADRENALINE ALLEY, INC., | ) ) ) ) ) ) ) ) |
| Defendants. | ) |
| SSK INDUSTRIES, INC., | ) ) |
| Counter Claimant, | ) ) |
| vs. | ) ) |
| DARYL and GINA BULLAR, Co-Administrators of the Estate of JONATHAN BULLAR, | ) ) ) |
| Counter Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge

   A.   Introduction

   Plaintiffs, Daryl and Gina Bullar, Co-Administrators of the Estate of Jonathan Bullar, filed this action against Defendants seeking damages for Jonathan's death in a skydiving accident.  Jonathan fell to his death on October 9, 2010, when his main and reserve parachutes failed to deploy.

1

The action now proceeds on Plaintiffs' Second Amended Complaint ("Complaint") (Doc. 76).

Adrenaline Alley, Inc., Archway Express, Inc., Archway Skydiving Centre, Inc., Jason Mark and Anita Wuertz (collectively, "Archway Defendants") move to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 80).

B.  Applicable Legal Standards

Defendants seek dismissal of the claims brought against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. A 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief can be granted. ***Hallinan v. Fraternal Order of Police Chicago Lodge 7*, 570 F.3d 811, 820 (7th Cir.)**, *cert. denied*, **130 S. Ct. 749 (2009)**. The United States Supreme Court explained in ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)**, that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. ***Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009)**; ***Tricontinental Industries, Inc., Ltd. v. PriceWaterhouse Coopers, LLP*, 475 F.3d 824, 833 (7th Cir.)**, *cert. denied*, 552 U.S.

824 (2007). *See also Hemi Group, LLC v. City of New York*, 130 S. Ct. 983, 986-87 (2010)("This case arises from a motion to dismiss, and so we accept as true the factual allegations in the … amended complaint.").

Even though **Bell Atlantic** retooled federal pleading standards, notice pleading remains all that is required in a complaint. "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). *See also Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(Rule 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief; "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"). But "surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the allegations must "raise a right to relief above the speculative level." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). With these principles in mind, the Court turns to the Archway Defendants' motion to dismiss.

C.   Discussion

In common with Defendant Vandalia Park District, the Archway Defendants assert that this action should be dismissed as to them because prior to his death, Jonathan signed two exculpatory agreements releasing them from any and all liability for injuries or damages arising out of parachuting activities.  Rather than fully rehearsing the analysis set forth in its previous Memorandum and Order, the Court will refer the parties to that document (Doc. 117) and state its reasons for denying the motion to dismiss as to those issues in brief.  First, under Fed. R. Civ. P. 8(c)(1), a release is an affirmative defense which a plaintiff need not anticipate and refute in his complaint.  **United States Gypsum Co. v. Indiana Gas Co.**, **350 F.3d 623, 626-28 (7th Cir. 2003).**  Because a complaint need only set forth "enough facts to state a claim to relief that is plausible on its face," **Bell Atlantic**, **550 U.S. at 570,** a complaint's failure to *overcome* defenses does not justify dismissal.  **U.S. Gypsum**, **350 F.3d at 626**.

Second, in assessing a motion under Rule 12(b)(6), the Court is prohibited from viewing materials "outside the pleadings" (including affidavits and exhibits not attached to or otherwise made part of the complaint).  Federal Rule of Civil Procedure 12(d) requires that such materials only be considered if the motion is treated as one for summary judgment under Rule 56, with notice to the parties that the motion will be construed as such plus an opportunity to brief the motion that way.  **FED. R.**

**Civ. P. 12(d)**. If outside materials are considered, the notice and briefing opportunity is mandatory. ***Loeb Industries, Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002) (citation omitted)**.

Here, the Archway Defendants rely on extrinsic matters, the allegedly exculpatory agreements executed by Bullar. The Court cannot consider these documents without converting the motion to dismiss into a motion for summary judgment, which would require giving notice to Plaintiffs and allowing them an opportunity to present evidence. As the Court previously found, *see* Doc. 117, it would be premature to convert the Archways Defendants' motion to a motion for summary judgment because necessary discovery has not taken place.

The Archway Defendants also move to dismiss on two additional grounds: (1) skydiving is not an abnormally dangerous activity and (2) Archway Skydiving Center, Inc., was dissolved prior to Jonathan's death.

According to the Archway Defendants, Plaintiffs fail to state a cause of action with respect to Count 2 (strict liability – abnormally dangerous activity against Archway) because skydiving is not an abnormally dangerous/ultrahazardous activity under Illinois law.

Illinois has recognized strict liability "when a defendant engages in ultrahazardous or abnormally dangerous activity as determined by the courts...." ***Miller v. Civil Constructors, Inc.*, 651 N.E.2d 239, 242**

**(Ill.App.Ct. 1995)**. The *Miller* court expressly adopted the use of the principles of the Restatement (Second) of Torts to aid in deciding whether an activity should be classified as ultrahazardous. *Id*. **at 244**. The Court observed that, under § 519 of the Restatement, "[o]ne who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm." *Id.*, *citing* **Restatement (Second) of Torts § 519 (1977)**. In determining whether an activity is abnormally dangerous (ultrahazardous), the Court should consider:

> (a) existence of a high degree of risk of some harm to the person, land or chattels of others;
>
> (b) likelihood that the harm that results from it will be great;
>
> (c) inability to eliminate the risk by the exercise of reasonable care;
>
> (d) extent to which the activity is not a matter of common usage;
>
> (e) inappropriateness of the activity to the place where it is carried on; and
>
> (f) extent to which its value to the community is outweighed by its dangerous attributes.

*Id., quoting* **Restatement (Second) of Torts § 520 (1977)**.

The Court concluded, "While all of these factors are important and should be considered, ordinarily the presence of more than one factor, but not all of them, will be necessary to declare the activity ultrahazardous

as a matter of law so as to hold the actor strictly liable." *Id*. The court summed up that the "essential question" was whether the risk was so unusual that the imposition of strict liability was justified even though the activity was carried on with all reasonable care. *Id., citing* **Restatement (Second) of Torts § 520, Comment *f*, at 37-38 (1977).**

Plaintiffs have alleged that skydiving operations are abnormally dangerous/ultrahazardous because of

    a. Existence of a high degree of risk of some harm to skydivers;

    b. Likelihood that the harm that results from skydiving will be great;

    c. Inability to eliminate the risk by the exercise of reasonable care; and

    d. Fact that skydiving is not a matter of common usage.

Doc. 53, Complaint, p. 6.

So, Plaintiffs have alleged four factors that fall within the guidelines set forth in **Miller**. Drawing all reasonable inferences in Plaintiffs' favor, the Court finds that Plaintiffs have provided factual allegations which, accepted as true, state a claim that is plausible on its face. The Archway Defendants motion must be denied as to this issue.

Lastly, the Archway Defendants assert that Archway Skydiving Centre, Inc., was dissolved before Bullar's death. Defendants' assertions rely on materials outside the scope of Plaintiffs' complaint. For the reasons

set forth above, and more thoroughly rehearsed in Doc. 117, Defendants' motion to dismiss must be denied as to this issue because it relies on extrinsic materials.

D. Conclusion

For the foregoing reasons, the Court **DENIES** the Archway Defendants' motion to dismiss (Doc. 80).

IT IS SO ORDERED.

DATED this 2nd day of May, 2012

                                                     s/Michael J. Reagan
                                                     MICHAEL J. REAGAN
                                                     United States District Judge