IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARYL and GINA BULLAR, Co-Administrators of the Estate of JONATHAN BULLAR, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 11-cv-0468-MJR |
| ARCHWAY SKYDIVING CENTER, INC., JASON MARK, ANITA WUERTZ, SSK INDUSTRIES, INC., AIRTEC GmbH SAFETY SYSTEMS, VANDALIA PARK DISTRICT, VANDALIA MUNICIPAL AIRPORT, ARCHWAY EXPRESS, INC., and ADRENALINE ALLEY, INC., ) ) ) ) ) ) ) | |
| Defendants. ) | |
| SSK INDUSTRIES, INC., ) ) | |
| Counter Claimant, ) ) | |
| vs. ) ) | |
| DARYL and GINA BULLAR, Co-Administrators of the Estate of JONATHAN BULLAR, ) ) ) | |
| Counter Defendants. ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

A. Introduction

Plaintiffs, Daryl and Gina Bullar, Co-Administrators of the Estate of Jonathan Bullar, filed this action against Defendants seeking damages for Jonathan's death in a skydiving accident. Jonathan fell to his death on October 9, 2010, when his main and reserve parachutes

1

failed to deploy.  The action now proceeds on Plaintiffs' Second Amended Complaint ("Complaint") (Doc. 76).

Defendant, Vandalia Municipal Airport ("Airport"), moves to dismiss Plaintiffs' complaint, asserting that there is no legal entity known as the "Vandalia Municipal Airport" (Doc. 78).  Plaintiffs have filed their response (Doc. 86), so the matter is fully briefed and ready for disposition.

B. Applicable Legal Standards

Defendants seek dismissal of the claims brought against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  A 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief can be granted.  **Hallinan v. Fraternal Order of Police Chicago Lodge 7**, 570 F.3d 811, 820 (7th Cir.), *cert. denied*, 130 S. Ct. 749 (2009).  The United States Supreme Court explained in **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570 (2007), that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."  In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor.  **Rujawitz v. Martin**, 561 F.3d 685, 688 (7th Cir. 2009); **Tricontinental Industries, Inc., Ltd. v. PriceWaterhouse Coopers, LLP**, 475 F.3d 824, 833 (7th Cir.)*, cert. denied*, 552 U.S. 824 (2007).  *See also* **Hemi Group, LLC v. City of New York**, 130 S. Ct. 983, 986-87 (2010)("This case arises from a motion to dismiss, and so we accept as true the factual allegations in the ... amended complaint.").

Even though **Bell Atlantic** retooled federal pleading standards, notice pleading remains all that is required in a complaint.  "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). *See also Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(Rule 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief; "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'").  But "surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the allegations must "raise a right to relief above the speculative level."  *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008).  With these principles in mind, the Court turns to the Airport's motion to dismiss.

    C.    <u>Discussion</u>

The Airport contends that Count 11 of Plaintiffs' Second Amended Complaint fails to state a cause of action against it because there is no legal entity known as the Vandalia Municipal Airport.  The Airport submits that, in 1960, the Vandalia Park District received by conveyance from the City of Vandalia real estate where an airport had been in place since sometime in the 1930's on real estate owned by the City of Vandalia.  The Park District has permitted the presence of a fixed base operator at this location, but there has never been a legal entity that identified itself as the Vandalia Municipal Airport.

3

In support of its motion, the Airport provides the affidavits of Mark Miller, President of the Vandalia Park District, and Ricky Gottman, Mayor of the City of Vandalia, as well as a quit claim deed whereby the City conveyed to the Park District the real estate where the Airport was located (Doc. 79, Exhs. 1, 2).

Plaintiffs respond that the Airport's motion must be denied because it presents materials outside the pleadings and because Plaintiffs have not had the opportunity to obtain all material pertinent to the motion. Plaintiffs maintain that the Airport is a suable entity and that, if this matter were converted to a motion for summary judgment, they would expect to show that the Airport is insured, that license agreements exist involving use of the "Vandalia Municipal Airport" and that various agencies have recognized the Airport and assigned it location identifier codes, airport codes and location indicators.

As with the motions to dismiss previously denied by the Court (*see* Docs. 117, 118), when assessing a motion under Rule 12(b)(6), the Court is prohibited from viewing materials "outside the pleadings" (including affidavits and exhibits not attached to or otherwise made part of the complaint). Restating those rulings in brief, the Court notes that Federal Rule of Civil Procedure 12(d) requires that extrinsic materials only be considered if the motion is treated as one for summary judgment under Rule 56, with notice to the parties that the motion will be construed as such plus an opportunity to brief the motion that way. **FED. R. CIV. P. 12(d).** If outside materials *are* considered, the notice and briefing opportunity is mandatory. ***Loeb Industries, Inc. v. Sumitomo Corp.***, 306 F.3d 469, 479 (7th Cir. 2002) (citation omitted).

The Airport relies on extrinsic matters - affidavits and a quit claim deed - to show that it is not a legal entity. But the Court cannot consider these documents without converting the motion to dismiss into a motion for summary judgment, which would require giving notice to Plaintiffs and allowing them an opportunity to present evidence.

Since the Airport's motion was filed before it answered Plaintiffs' complaint and before a reasonable opportunity to conduct discovery had occurred, it would be premature to convert the motion to dismiss into a motion for summary judgment.

Because the Court cannot consider the materials outside the pleadings upon which the Airport's motion to dismiss is grounded and because it would be premature to convert the motion into a motion for summary judgment, the motion must be denied.

D. Conclusion

For the foregoing reasons, the Court **DENIES** Vandalia Municipal Airport's motion to dismiss (Doc. 78).

IT IS SO ORDERED.

DATED this 2nd day of May, 2012

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge