IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARYL BULLAR & GINA BULLAR, Co-Administrators of the Estate of JONATHAN BULLAR, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| ARCHWAY SKYDIVING CTR., INC., JASON MARK, ANITA WUERTZ, AIRTEC GmbH & Co. KG SAFETY SYS., VANDALIA PARK DIST., VANDALIA MUN. AIRPORT, ARCHWAY EXPRESS, INC., ADRENALINE ALLEY, INC., MIRAGE SYS., INC., d/b/a Am. Skydiving Sys., and GOLD COAST SKYDIVERS, | ) Case No. 11–cv–0468–MJR–PMF ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

**REAGAN, District Judge:**

After limited discovery regarding Defendant Gold Coast Skydivers' motion to dismiss for lack of personal jurisdiction, Plaintiffs moved, pursuant to Federal Rule of Civil Procedure 41(a)(2), to voluntarily dismiss Gold Coast without prejudice. Gold Coast has responded that dismissal *with* prejudice, plus the costs of defending this suit, are warranted. **See *Mother & Father v. Cassidy*, 338 F.3d 704, 710 (7th Cir. 2003) (where dismissal is with prejudice, defendants generally entitled to costs under Federal Rule 54(d)).**

"[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." **FED. R. CIV. P. 41(a)(2).** A court abuses its discretion to dismiss an action without prejudice only if a defendant shows it will suffer "plain legal prejudice." *Kunz v. DeFelice*, **538 F.3d 667, 677 (7th Cir. 2008)**. In turn, plain legal prejudice is analyzed according to four factors: the defendant's effort and expense of preparation for trial; excessive delay and lack of

1

diligence on plaintiff's part; insufficient explanation for the need to take a dismissal; and the filing of a summary judgment motion. *Id.* **at 677–78 (citing** *Pace v. S. Express Co.***, 409 F.2d 331, 334 (7th Cir. 1969).**

Here, the factors weigh in favor of dismissing Plaintiff's claims against Gold Coast without prejudice. Much of the delay in this case stems from the actions of Gold Coast's president, who attempted to represent the company though she was not an attorney. More importantly, dismissal without prejudice puts Gold Coast in the same position it would be in had the Court instead granted its motion to dismiss based on personal jurisdiction. *See In re: IFC Credit Corp.***, 663 F.3d 315, 320 (7th Cir. 2011).** That is far cry from a situation where dismissal without prejudice accompanies the pendency of a summary judgment motion, which (if granted) could lead to a decision on the merits. Further, Gold Coast's future interests against suit by Plaintiffs are protected by Rule 41(d), which would allow them to pursue costs of this action before Plaintiffs pursued another. *See* **Fed. R. Civ. P. 41(d).**

Plaintiffs' Motion to Voluntarily Dismiss Gold Coast (**Doc. 216**) is **GRANTED**, and the Clerk is **DIRECTED** to terminate Gold Coast as a Defendant. Gold Coast's Motion to Dismiss (**Doc. 173**) is accordingly **MOOT**.

Finally, Plaintiff's Motion for Leave to Amend the Complaint (**Doc. 218**) in which it simply requests to correct a misnomer regarding Defendant American Skydiving Systems (a party which has been receiving motions and pleadings, and has not lodged an objection) is **GRANTED**. Plaintiffs should file their amended complaint (the fifth) on or before September 27, 2013.

Defendant Airtec's Motion to Dismiss pursuant to Rule 12(b)(5) and *forum non conveniens* remains pending.

**IT IS SO ORDERED.**

**DATE: September 20, 2013**           /s/ *Michael J. Reagan*
                                       **MICHAEL J. REAGAN**
                                       United States District Judge