UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

Daryl & Gina Bullar Co-Administrators )
The Estate of Jonathan Bullar (deceased), )
                         )
        Plaintiffs, )
                         )
v. )      Cause No:  11-cv-468-MJR-PMF
                         )
Archway Skydiving Centre, Inc., Jason Mark, )
Anita Wuertz, J. Michael Brown d/b/a )
American Skydiving Systems, Airtec )
GmbH & Co KG Safety Systems, Vandalia Park )
District, Vandalia Municipal Airport, )
Archway Express, Inc., and Adrenaline Alley, )
Inc., )
                         )
        Defendants, )
                         )

## MOTION FOR FINDING OF GOOD FAITH SETTLEMENT AND DISMISSAL

Now comes the Defendant, Vandalia Park District (also incorrectly named as an

additional Defendant, Vandalia Municipal Airport), by and through its attorneys, Weilmuenster

Law Group, P.C., and for its Motion for Finding of Good Faith Settlement and Dismissal, moves

this Court to enter an order finding that the settlement between this Defendant and the Plaintiffs

was made in good faith and discharging this Defendant from any liability for contribution

pursuant to Section 2 of the Joint Tortfeasor Contribution Act, 740 ILCS 100/2 et. seq. In

support thereof, Defendant states as follows:

       1.      The Plaintiffs commenced this action seeking recovery of damages arising out of

the death of Jonathan Bullar.

       2.      Counsel for the Plaintiffs and counsel for Vandalia Park District have engaged in

extensive probing settlement discussions.  Those discussions have involved evaluations of the

merits of the claims and defenses and have been conducted at "arms-length" and the Plaintiffs

and Vandalia Park District were directly adverse during those discussions – there was no

affiliation, collusion or collective action between the Plaintiffs and Vandalia Park District at any

time during the settlement discussions.

      3.     As a result of the extensive arms-length discussions, the Plaintiffs and Vandalia

Park District (also incorrectly named as an additional Defendant, Vandalia Municipal Airport)

have reached a settlement agreement. Under the terms of this settlement agreement, the

Defendant Vandalia Park District (also incorrectly named as an additional Defendant, Vandalia

Municipal Airport) have agreed to pay Plaintiffs the sum of fifty thousand dollars ($50,000.00)

in return for release of any and all claims the Plaintiffs have or may have against this Defendant

for the incident which is the subject matter of this lawsuit.

      4.     The totality of the circumstances surrounding the settlement agreement indicates

that it was entered into in good faith within the meaning of Section 2(c) of the Act because it is

an exchange of a release for substantial consideration after arms-length negotiations and the

settlement agreement is not the result of collusion, fraud, wrongful conduct or any other

circumstances involving bad faith (See e.g. *Johnson v. United Airlines*, 203 Ill2d 121, 784

N.E.2d 812 (2003). The settlement agreement also furthers the purposes of the Act because it

facilitates the settlement of disputed claims. *Id.* Accordingly, Plaintiffs should be authorized to

execute the Release extinguishing any and all claims against Vandalia Park District (also

incorrectly named as an additional Defendant, Vandalia Municipal Airport) in exchange for the

consideration agreed to between the parties.

5.      That the Defendant and Plaintiffs request this Court to enter an Order approving

the settlement and declaring it to be in good faith in accordance with the Illinois Contribution

Act.

WHEREFORE, the Defendant, Vandalia Park District (also incorrectly named as an

additional Defendant, Vandalia Municipal Airport) respectfully requests this Court to enter the

attached Order which provides as follows:

> A.  Authorizing the Plaintiffs to execute the Release extinguishing any and all
> claims against Vandalia Park District (also incorrectly named as an additional
> Defendant, Vandalia Municipal Airport) in exchange for the consideration
> agreed to between the parties.
>
> B.  Dismissing with prejudice all counts in Plaintiffs' Complaint so directed
> against this Defendant, cost to respective parties.
>
> C.  Finding, pursuant to Illinois Contribution Act 740 ILCS 100/1, that the
> settlement between the parties is fair, reasonable and in good faith, thereby
> barring any contribution claims by non-settling Defendants or other parties.

Respectfully Submitted,


By:  /s/ J. Michael Weilmuenster
       J. Michael Weilmuenster
       IL No.:  6197044
       jmw@weilmuensterlaw.com
       Frederick W. Keck
       IL No.:  6276580
       fwk@weilmuensterlaw.com

Attorneys for Defendants
Weilmuenster Law Group, P.C
3201 West Main Street
Belleville, IL 62226
Phone:  618-257-2222
Fax:  618-257-2030

And

DARYL AND GINA BULLAR CO-
ADMINISTRATORS OF THE ESTATE OF
JONATHAN BULLAR (DECEASED)

BONIFIELD & ROSENSTENGEL, P.C.


By:   /s/ Jon E. Rosenstengel (with consent)
        Jon E. Rosenstengel
        jonrose@icss.net


## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this on 24th day of March, 2014, the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jon E. Rosenstengel
Bonifield & Rosenstengel, P.C.
116 E. Main Street
Belleville, IL 62220

Christopher Allen
Fox Goldblatt & Singer, P.C.
Laclede Gas Building
720 Olive Street; Suite 1901
St. Louis, MO 63101

Michael Murphy
Attorney at Law
115 West Washington Street
Belleville, IL 62222

Alex Herran
Timothy J. O'Connell
Hoff & Herran
135 South LaSalle, Suite 3300
Chicago, IL 60603


        /s/ J. Michael Weilmuenster