IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARYL BULLAR and GINA BULLAR, Co-Administrators of the Estate of JONATHAN BULLAR, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 11-cv-0468-MJR ) |
| ARCHWAY SKYDIVING CENTRE, INC. and JASON MARK, | ) ) ) |
| Defendants/Judgment Debtors, | ) ) |
| ------------------------------------------------- | ) |
| U.S. SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Judgment Debtor. | ) |

## MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

On August 26, 2014, the Court entered judgment in the amount of $2,000,000 for Plaintiffs Daryl and Gina Bullar, as co-administrators of the estate of their son Jonathan Bullar, and against Defendants Archway Skydiving, Inc., and Jason Mark. (Doc. 270). On August 9, 2016, the Bullars filed an application of a writ of garnishment (Doc. 271) against U.S. Specialty Insurance Company, a new party who was not involved in the closed civil case. Plaintiffs allege that Archway Skydiving and Jason Mark had insurance policies with U.S. Specialty that covered the Bullars' wrongful death claims but that U.S. Specialty refuses to settle the claims. U.S. Specialty moved to dismiss the

1

application, arguing that Archway Skydiving and Jason Mark were not insured by their company at the time of Jonathan Bullar's death. (Doc. 277).

The Court, after reviewing the Bullars' application and the motion to dismiss, directed the parties to brief whether the filing of the writ of garnishment against a new party, U.S. Specialty, in this closed case was the proper procedural mechanism to secure the relief the Bullars seek. (Doc. 282). The parties were directed to address whether the Court continued to enjoy diversity jurisdiction over the parties, as well, and were directed to cover the applicable "federal law on both questions, not just Illinois law." (Doc. 282). The briefing by the parties clarified the diversity of the parties but did not address the procedural propriety of filing the application for a writ of garnishment in this closed action as opposed to in a new, stand-alone action against U.S. Specialty. The Court set an in court hearing on U.S. Specialty's motion to dismiss; however, the Court concludes that a hearing is no longer necessary.

Federal Rule of Civil Procedure 69 provides a mechanism for executing money judgments entered by a federal court. ***See also Gagan v. Monroe*, 269 F.3d 871 (7th Cir. 2001)**. Rule 69(a) allows a judgment creditor to return to the district court where the judgment was entered to seek assistance in enforcing the judgment by a "writ of execution, unless the court directs otherwise." The judgment creditor should do so, however, by filing a new action. ***See generally, Gagan,* 269 F.3d at 873 (referring to a party returning to the district court to file an "action.")**. While neither party addressed the proper procedure for pursuing a potential judgment creditor, the Court finds that

Rule 69 controls and that an application for a writ of garnishment in this closed civil case against a new party is not the procedural mechanism for the relief the Bullars seek.

Accordingly, the application for the writ of garnishment is **DENIED without prejudice**. The Court does not reach the merits of the application. In light of the denial of the Bullars' application, U.S. Specialty Insurance Company's motion to dismiss the application for a writ of garnishment is **DENIED as MOOT.** As a result, the in-court hearing scheduled for September 7, 2017, is **CANCELED**.

IT IS SO ORDERED.

DATED September 5, 2017.

*s/ Michael J. Reagan*
MICHAEL J. REAGAN
**United States District Judge**
